UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

STACEY D. CASE,                    )
                                   )  No. CV-09-83-JPH
          Plaintiff,               )
                                   )  ORDER GRANTING DEFENDANT'S
v.                                 )  MOTION FOR SUMMARY JUDGMENT
                                   )
MICHAEL J. ASTRUE, Commissioner    )
of Social Security,                )
                                   )
          Defendant.               )
                                   )
_____    )

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on March 5, 2010 (Ct. Recs. 17, 22).  Attorney Maureen J. Rosette represents plaintiff; Special Assistant United States Attorney Leisa A. Wolf represents the Commissioner of Social Security ("Commissioner").  The parties have consented to proceed before a magistrate judge (Ct. Rec. 8).  After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment (Ct. Rec. 22) and **DENIES** Plaintiff's Motion for Summary Judgment (Ct. Rec. 17).

**JURISDICTION**

Plaintiff protectively filed applications for disability insurance benefits (DIB) and supplemental security income (SSI) on May 2, 2005, alleging onset as of July 3, 2003 (Tr. 104; application for DIB at Tr. 82-84; application for SSI at Tr. 737-

739).  The applications were denied initially and on
reconsideration (Tr. 42-43, 48-51, 735-736).

Hearings were held February 7, 2008, and April 17, 2008,
before Administrative Law Judge (ALJ) Hayward C. Reed.  Plaintiff,
represented by counsel, medical expert Armon H. Toomajian, M.D.,
and vocational expert Joseph A. Moisan appeared at the first
hearing. Only Dr. Toomajian testified before the ALJ continued the
hearing for a more thorough record review by the medical expert
(Tr. 811-827).  At the supplemental hearing, plaintiff, medical
expert George Rodkey, M.D., and vocation expert Sharon Welter
testified (Tr. 830-858).

On July 8, 2008, the ALJ issued his decision finding
plaintiff not disabled as defined by the Act (Tr. 21- 35).  After
the Appeals Council denied review (Tr. 1-6), the ALJ's decision
became the final decision of the Commissioner, which is appealable
to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff
filed this action for judicial review pursuant to 42 U.S.C. §
405(g) on March 17, 2009 (Ct. Recs. 2,4).

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing
transcript, the ALJ's decision, the briefs of both parties, and
are summarized here.

Plaintiff was 24 years old at onset (Tr. 33).  She has a high
school education and has worked as a dishwasher, fast food worker,
sandwich maker, and parking lot attendant (Tr. 110,113,126,143).
Ms. Case alleged disability onset as of July 3, 2003, due to
antiphospholipid (APL) syndrome, osteoarthritis, curvature of the
spine, arthritis in the knees and mid back, and later,

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 2 -

fibromyalgia; she alleged the resulting pain prevented lifting her toddler son, bending, sitting for long periods and required a cane to walk (Tr. 28,30,139-140).  The ALJ notes at the hearing, Ms. Case testified she could not work due to pain since her diagnoses of lupus, APL syndrome, and fibromyalgia, in addition to recent neck problems (Tr. 27, referring to Tr. 833-834, 848).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).  Thus, the definition of disability consists of both medical and vocational components.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920.  Step one determines if the person is engaged in substantial gainful activities.  If so, benefits are denied.  20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).  If not, the decision maker proceeds to step two, which determines

whether plaintiff has a medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

   If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied.  If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1.  If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past.  If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity ("RFC") assessment is considered.  If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

   The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v.*

*Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work.  The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

### STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision.  42 U.S.C. § 405(g).  A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence.  *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence."  *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)).  Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance.  *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988).  Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted).  "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be

upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).
On review, the Court considers the record as a whole, not just the
evidence supporting the decision of the Commissioner. *Weetman v.
Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v.
Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to
resolve conflicts in evidence. *Richardson,* 402 U.S. at 400.  If
evidence supports more than one rational interpretation, the Court
may not substitute its judgment for that of the Commissioner.
*Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579
(9th Cir. 1984).  Nevertheless, a decision supported by
substantial evidence will still be set aside if the proper legal
standards were not applied in weighing the evidence and making the
decision. *Brawner v. Secretary of Health and Human Services*, 839
F.2d 432, 433 (9th Cir. 1987).  Thus, if there is substantial
evidence to support the administrative findings, or if there is
conflicting evidence that will support a finding of either
disability or nondisability, the finding of the Commissioner is
conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir.
1987).

**ALJ'S FINDINGS**

At the outset, the ALJ found plaintiff met the DIB
requirements and was insured through March 31, 2008 (Tr. 21,23).
At step one, he found plaintiff has not engaged in substantial
gainful activity since onset (Tr. 23).  At steps two and three,
the ALJ found plaintiff suffers from fibromyalgia, chronic
duodenitis, and history of gallbladder disease, status post
cholecystectomy in 1999, impairments that are severe but which do

not alone or combination meet or medically equal a Listing impairment (Tr. 23,26).  The ALJ  found plaintiff less than completely credible (Tr. 29).  At step four, relying on the VE, the ALJ found Ms. Case is able to  perform her past job as a parking lot attendant, as this is a light job and she has an RFC for a wide range of light work (Tr. 32).  Alternatively, at step five, again relying on the vocational expert, the ALJ found plaintiff there are other jobs plaintiff could perform including fast food worker, cashier, and two attendant positions, cafeteria and counter (Tr. 34).  Accordingly, the ALJ found plaintiff is not disabled as defined by the Social Security Act (Tr. 35).

**ISSUE**

Plaintiff contends the Commissioner erred as a matter of law by failing to properly credit the opinion of her treating rheumatologist, Jeffrey B. Butler, M.D., specifically, Dr. Butler's January of 2008 RFC assessment (Ct. Recs. 18 at 14-18; 24 at 1-4, referring to Tr. 656-664)).  The Commissioner asserts because the ALJ's decision is supported by substantial evidence and free of error, the Court should affirm (Ct. Rec. 23 at 9). ///

**DISCUSSION**

**A. Weighing medical evidence**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908.  The effects of all symptoms must be evaluated on the basis of a medically determinable impairment

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 7 -

which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947, F. 2d 341, 345 (9th Cr. 1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F. 2d 597, 604-05 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Cater*, 81 F.3d 821, 830 (9th Cir. 1996). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F. 3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F. 3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F. 3d 1435, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                          - 8 -

treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

Treating rheumatologist's opinion

Plaintiff alleges the ALJ improperly rejected Dr. Butler's opinion, particularly his January of 2008 RFC assessment (Ct. Rec. 18 at 14-18, referring to Tr. 656-659). She alleges Dr. Butler's opinion was entitled to great weight because he is both a treating physician and a specialist. Plaintiff acknowledges the ALJ was required to give specific and legitimate reasons for rejecting Dr. Butler's contradicted opinion; she alleges they are not. Plaintiff argues if the opinion is properly given controlling weight, she would be found disabled (Ct. Rec. 18 at 15-16).

The Commissioner argues the ALJ's reasons, including conservative treatment, lack of supporting objective medical evidence, plaintiff's lack of credibility, and contrary medical opinions, are specific, legitimate and supported by substantial evidence (Ct. Rec. 23 at 5-6).

Dr. Butler first saw plaintiff October 14, 2005, more than two years after onset, after referral from Margaret Bruya, ARNP, for evaluation of "systemic lupus erthematosus and the antiphospholipid antibody syndrome" (lupus and APL syndrome) (Tr. 169, repeated at Tr. 183-187). Dr. Butler noted Ms. Case is married with three children, ages 2, 3, and 5. She complains of severe migraines every other day, depression, anxiety, pain, and problems with sleep and memory (Tr. 169-170). He ordered tests for lupus and APL syndrome, recommended progressive low impact stretching and an aerobic exercise program, prescribed medication

for both sleep and APL syndrome (based on a past diagnosis), and strongly encouraged her to stop smoking.  She was to return in a month (Tr. 172-173).

Dr. Butler points out Ms. Case returned five months later, on March 20, 2006.  He told her the laboratory tests were negative for lupus and APL syndrome, and he found no evidence of inflammatory arthritis.  The evidence of fibromyalgia, on the other hand, was unequivocal (Tr. 167-168, duplicated at Tr. 181-182).  Dr. Butler told Ms. Case her current narcotic pain medication rarely helps fibromyalgia and recommended she stop taking it.  He prescribed a trial of lyrica, again stressed the importance of regular aerobic exercise, and noted he would consider adding SSRI antidepressants (Tr. 168).

At the next appointment on May 2, 2006, Dr. Butler observes Ms. Case quit taking lyrica after a month due to "perceived" lack of benefit.  He opined the trial may have been too short.  Ms. Case appeared depressed, was not exercising and "remains quite sedentary."  Dr. Butler again prescribed an aerobic exercise program, began an antidepressant (effexor), and scheduled follow up in two months (Tr. 165, repeated at 179).

Plaintiff returned ten months later, on March 27, 2007 (Tr. 650).  Dr. Butler notes Ms. Case was scheduled for right knee surgery the next day; complained of persistent fatigue and widespread arthralgias and myalgias; and her grip strength was intact on examination (Tr. 650,652).  He opined poor posture and large breasts could predispose plaintiff to thoracic outlet syndrome (Tr. 653).  Dr. Butler started a trial of cymbalta and trazedone, ordered nerve conduction studies, and again prescribed

an aerobic exercise program (Tr. 653).

Ten months later, on January 17, 2008, Dr. Butler opined plaintiff has "fibromyalgia with chronic neck and back pain as well as bilateral shoulder impingement.  She should remain active and uninterrupted sitting is not recommended" (Tr. 657).  He opined plaintiff could lift 20 pounds occasionally, less than 10 frequently, standing and walking are not affected, sitting and standing must alternate, and pushing and pulling are limited by shoulder impingement.  Plaintiff can use stairs occasionally, but should never kneel, crouch, crawl or stoop; reaching is limited in all directions, and handling, fingering and feeling are unlimited. Dr. Butler notes there is no record of the nerve conduction studies he previously ordered, plaintiff is not currently exercising and is applying for disability (Tr. 656-658, 661).

The Commissioner observes Dr. Butler assessed shoulder-related limitations in January of 2008, more than four years after onset.  The ALJ rejected the assessed limitations both because they were not diagnosed until 4 years after onset and were treated conservatively.  The ALJ considered plaintiff's credibility when he weighed Dr. Butler's RFC, to the extent he (Butler) relied on Ms. Case's unreliable statements when he assessed her limitations. And, the Commissioner observes, the ALJ relied on the opinions of other professionals, including an examining psychologist and the testifying medical experts when he evaluated Dr. Butler's RFC (Ct. Rec. 23 at 5-7).  The Commissioner argues any error by the ALJ in weighing Dr. Butler's opinion is harmless (Ct. Rec. 23 at 7).

Although the treating physician's opinion is entitled to great deference, it is not necessarily conclusive as to the

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                          - 11 -

question of disability. *Magallanes v. Bowen*, 881 F.2d 747,751
(9th Cir. 1989). An impairment for which a claimant receives only
conservative treatment is a specific and legitimate reason to
reject an opinion the impairment is disabling. *See Johnson v.
Shalala*, 60 F.3d 1428,1434 (9th Cir. 1995)(that the claimant
received only conservative treatment for back injury is a clear
and convincing reason for disregarding testimony that the claimant
is disabled). The ALJ's reason is proper.

To aid in weighing the conflicting medical evidence, the ALJ
evaluated plaintiff's credibility and found her less than fully
credible (Tr. 29). Credibility determinations bear on evaluations
of medical evidence when an ALJ is presented with conflicting
medical opinions or inconsistency between a claimant's subjective
complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.
3d 683, 688 (9th Cir. 2005).

It is the province of the ALJ to make credibility
determinations. *Andrews v. Shalala*, 53 F. 3d 1035, 1039 (9th Cir.
1995). However, the ALJ's findings must be supported by specific
cogent reasons. *Rashad v. Sullivan*, 903 F. 2d 1229, 1231 (9th
Cir. 1990). Once the claimant produces medical evidence of an
underlying medical impairment, the ALJ may not discredit testimony
as to the severity of an impairment because it is unsupported by
medical evidence. *Reddick v. Chater*, 157 F. 3d 715, 722 (9th Cir.
1998). Absent affirmative evidence of malingering, the ALJ's
reasons for rejecting the claimant's testimony must be "clear and
convincing." *Lester v. Chater*, 81 F. 3d 821, 834 (9th Cir. 1995).
"General findings are insufficient: rather the ALJ must identify
what testimony not credible and what evidence undermines the

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                           - 12 -

claimant's complaints." *Lester*, 81 F. 3d at 834; *Dodrill v. Shalala*, 12 F. 3d 915, 918 (9th Cir. 1993).

Plaintiff does not challenge the ALJ's credibility assessment on appeal (Ct. Rec. 23 at 6). The ALJ points out plaintiff's test results for malingering were positive in all but one test administered by examining psychologist Joyce Everhart, Ph.D. (Tr. 24), meaning he was required to give specific, legitimate reasons for finding plaintiff less than fully credible. Even under the more rigorous clear and convincing standard, ALJ Reed's credibility assessment is fully supported.

Some of the ALJ's reasons include activities inconsistent with claimed impairments, statements inconsistent with objective medical evidence, inconsistent statements to providers, and test results indicating malingering (Tr. 29-32). Each is fully supported.

The ALJ points out plaintiff testified her knees still "give out" on occasion, neck pain causes her to drop things, she has problems grasping, and can do tasks only 2 hours a day (Tr. 27). ALJ Reed observes plaintiff's activities during the relevant period included helping mount the transmission in her van and riding her father's motorcycle in May of 2005, almost 2 years after onset (Tr. 30, referring to Exhibit 2F). He notes plaintiff reported, also in May of 2005, she cared for three children in her home, ages 2, 3, and 4[1], including changing diapers, cooking, running baths and putting them to bed. She played pool (billiards) on a team for 3-5 hours weekly (Tr. 28-29, referring

---

[1]Plaintiff and her husband apparently had custody of two nephews and their son (Tr. 840).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 13 -

to Tr. 119-120; Tr. 253).  Plaintiff described these activities to her physical therapist, ER doctors, and in her disability report. The ALJ observes despite plaintiff's testimony she has only two hours a day when she can perform tasks, as a result of pain, she testified she is still able to play pool for 3-5 hours once a week (Tr. 27).  The ability to engage in activities inconsistent with allegedly disabling symptoms is an appropriate reason to discount credibility.  *Thomas v. Barnhart*, 278 F.3d 947,958-959 (9th Cir. 2002).

ALJ Reed points out plaintiff's statements are often contradicted by the objective evidence (Tr. 32).  The "plethora" of diagnostic medical tests performed based on plaintiff's subjective complaints were negative, including a recent cervical MRI, diminishing plaintiff's credibility (Tr. 32, referring to Tr. 747, 843).  The ALJ observes plaintiff testified she has lupus and APL syndrome, two of the three main reasons (in addition to fibromyalgia) she cannot work, yet after testing Dr. Butler told Ms. Case on March 20, 2006, she did not carry either diagnosis (Tr. 32); *cf*. Tr. 168 *with* Tr. 833-834.  This reason is specific and legitimate.  Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.  *Carmickle v. Comm. of Soc. Security*, 553 F.3d 1155, 1161 (9th Cir. 2008), *citing Johnson v. Shalala*, 60 F.3d 1428,1434 (9th Cir. 1995).

The ALJ opines Dr. Everhart's malingering diagnosis is supported by the concern expressed by treating surgeon Patrick Lynch, Jr., in December of 2005.  Dr. Lynch was "a bit surprised she is not 100% at this point" recovered from the knee surgery he

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 14 -

performed in August of 2005 (Tr. 31, referring to Tr. 206).

The ALJ's reasons for finding plaintiff less than fully credible are clear, convincing, and fully supported by the record. *See Thomas v. Barnhart*, 278 F. 3d 947, 958-959 (9th Cir. 2002)(proper factors include inconsistencies in plaintiff's statements, inconsistencies between statements and conduct, and extent of daily activities).  Noncompliance with medical care or unexplained or inadequately explained reasons for failing to seek medical treatment also cast doubt on a claimant's subjective complaints.  20 C.F.R. §§ 404.1530, 426.930; *Fair v. Bowen*, 885 F. 2d 597, 603 (9th Cir. 1989).

If properly supported, the ALJ's credibility determination is entitled to "great deference".  *See Green v. Heckler*, 803 F.2d 528,532 (9th Cir. 1986).  Here, the ALJ's unchallenged credibility determination is free of error and fully supported by the record. The ALJ found Dr. Butler's RFC is based at least partially on plaintiff's less than credible subjective complaints (Tr. 31-32). This reason is specific and legitimate.  *Tommasetti v. Astrue*, 533 F.3d 1035,1040 (9th Cir. 2008).

The ALJ considered the opinions of the testifying medical experts when he weighed Dr. Butler's RFC (Tr. 30-32).  Dr. Rodkey assessed an RFC for sedentary work, an RFC he considered applicable at all times.  He noted plaintiff's many credibility problems, including the strenuous activities she reported to her physical therapist and Dr. Lynch's concern about the apparent lack of treatment progress long after surgery.  Dr. Rodkey observed plaintiff's upper endoscopy was normal despite complaints of GERD. (Tr. 843-845.)

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 15 -

The ALJ notes Dr. Toomajian assessed an RFC for light work, applicable to the prior 3-4 years (Tr. 30,32, referring to Tr. 818, 820-821).  The ALJ considered the opinion of reviewing agency physician Gregory Saue, M.D., (Tr. 24,32, referring to Tr. 149-154,157-163).  Dr. Saue points out "embellishment is suggested" (Tr. 149).  Dr. Saue points out a treatment provider opined plaintiff's weakness on examination in all extremities was likely due to poor effort (Tr. 24, 29, 32, Dr. Saue's opinion at Tr. 159, treatment provider Margaret Collyer, ARNP's August 23, 2004 opinion, about a year after onset, at Tr. 280).

To the extent the ALJ rejected Dr. Butler's January 2008 RFC, his reasons are specific and legitimate.  *See e.g.*, *Tommasetti*, 533 F.3d at 1040 (an opinion may properly be rejected when based on a claimant's unreliable subjective complaints); *Johnson v. Shalala,* 60 F.3d at 1434 (conservative treatment for an impairment provides valid reason to disregard  opinion claimant is disabled as a result); *Batson v. Social Security Administration*, 359 F.3d 1190 (9th Cir. 2004) (contradictory examination results by another physician is a specific and legitimate reason to discount a treating physician's opinion); and *Bunnell v. Sullivan*, 947 F.2d at 345-347 (absence of objective findings one valid factor to consider in assessing degree of limitation, as long as not the sole reason).

Plaintiff argues the ALJ's rejection of Dr. Butler's opinion because her attorney requested it for litigation, and because Dr. Butler benevolently wished to assist his patient, are both erroneous (Ct. Rec. 18 at 15-17, referring to Tr. 32).  In the Court's view, given the volume of evidence contrary to Dr.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                           - 16 -

Butler's RFC, this is at most harmless error.  Harmless errors do
not change the outcome of a case and do not warrant reversal of
the ALJ's decision.  *Burch v. Barnhart*, 400 F.3d 676, 679 (9th
Cir. 2005).

The ALJ is responsible for reviewing the evidence and
resolving conflicts or ambiguities in testimony.  *Magallanes v.
Bowen*, 881 F. 2d 747, 751 (9th Cir. 1989).  It is the role of the
trier of fact, not this court, to resolve conflicts in evidence.
*Richardson*, 402 U.S. at 400.  The court has a limited role in
determining whether the ALJ's decision is supported by substantial
evidence and may not substitute its own judgment for that of the
ALJ, even if it might justifiably have reached a different result
upon de novo review.  42 U.S.C. § 405 (g).

The ALJ's reasons for rejecting some of Dr. Butler's
contradicted assessed limitations are specific, legitimate, and
supported by substantial evidence.  The ALJ's unchallenged
credibility assessment is without error.

To the extent plaintiff argues the ALJ's step four finding
is flawed, the alternative step five finding is fully supported by
the record and free of legal error.

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this
Court finds the ALJ's decision is free of legal error and
supported by substantial evidence..

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(Ct. Rec. 22)** is
**GRANTED.**

2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 17)** is

**DENIED.**

The District Court Executive is directed to file this Order, provide copies to counsel for plaintiff and defendant, enter judgment in favor of Defendant, and **CLOSE** this file.

DATED this 2nd day of March, 2010.

                                    s/ James P. Hutton
                                   JAMES P. HUTTON
                            UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 18 -